IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN SANDERSON, JR.                                                      PLAINTIFF

v.                                                            No. 1:18CV230-GHD-JMV

ALCORN CO. DEPT. OF
HUMAN SERVICES, ET AL.                                                   DEFENDANTS

ORDER DISMISSING CASE AS UNTIMELY FILED

This matter comes before the court on the plaintiff's response [9] to the court's January 23, 2019, order [5] requiring him to show cause why the instant case should not be dismissed as barred by the applicable statute of limitations. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is Miss. Code Ann. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).

In this case Mr. Sanderson knew by the time of his 2003 trial, at the very latest, that the prosecution had procured the DNA analysis from his paternity suit in Chancery Court to use in his criminal trial. He knew that he and his daughter had been separated since 2001. Thus, it appears that the plaintiff became aware that he suffered an injury or had sufficient information to know that he had been injured since at least 2003. Under Mississippi's three-year limitation period, the deadline for Mr. Sanderson to file suit based upon these facts expired in 2006, some twelve years before he filed the instant suit in 2018.

The Show-Cause Order [5] set forth the reasons it appears that this case was untimely filed. The plaintiff argues in response that the statute of limitations should be tolled, as a petition to terminate his parental rights has been pending in Chancery Court since 2009 – and is still pending. As such, according to the plaintiff, his parental rights have not been terminated and are thus intact.

The pendency of the state proceeding to terminate Mr. Sanderson's parental rights is not relevant to this case. Mr. Sanderson was convicted in 2003 for sexual battery and statutory rape of his young daughter's half-sister, who was ten years old at the time. Mr. Sanderson has been incarcerated, serving a life sentence, since 2003; as such, he has not been in a position to visit his daughter. In addition, the court does not believe that anyone with the Mississippi Department of Human Services would permit such a visit, given the crime of Mr. Sanderson's conviction.

If Mr. Sanderson seeks an order requiring the Chancery Court to move the proceeding regarding termination of his parental rights to conclusion, then he must do so via a petition for writ of mandamus in the Mississippi Supreme Court. Sanderson has known about the issues he raises in the present case since at least 2003. Thus, under Miss. Code Ann § 15-1-49, the deadline for seeking § 1983 relief in this court expired in 2006. He did not file the instant case under December 2018, more than a decade beyond the filing deadline. As such, the instant case is **DISMISSED** with prejudice as untimely filed.

**SO ORDERED**, this, the 27th day of February, 2019.

/s/ Glen H. Davidson
SENIOR JUDGE